# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | |
|---|---|
| ABDUL HAKEEM AFIZ, <br> f/k/a Miron Taylor, <br><br> Plaintiff, <br><br> v. <br><br> MISSOURI DEPARTMENT OF <br> CORRECTIONS, et al., <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 4:23-cv-00062-SEP <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff Abdul Hakeem Afiz's Complaint. Doc. [1]. The Complaint is defective because it was not drafted on a Court-provided form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms."). Plaintiff has neither paid the filing fee nor filed an application to proceed in the district court without prepaying fees or costs.[1] *See* 28 U.S.C. § 1915(a). As a result, the Court orders Plaintiff to amend his complaint on a Court-provided form within twenty-one (21) days of the date of this Order.

### DISCUSSION

Upon review of the Complaint, Plaintiff's allegations for deliberate indifference to his medical needs are subject to dismissal. Liability in a 42 U.S.C. § 1983 case is personal. *Frederick v. Motsinger*, 873 F.3d 641, 646 (8th Cir. 2017). In other words, "[g]overnment officials are personally liable only for their own misconduct." *S.M. v. Krigbaum*, 808 F.3d 335, 340 (8th Cir. 2015). Section 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights." *Mayorga v. Missouri,* 442 F.3d 1128, 1132 (8th Cir. 2006)

---

[1] The Court takes judicial notice that Plaintiff is a prisoner who, while incarcerated, has filed at least three civil actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted. *See Taylor v. Toelke*, No. 4:97-cv-53-FRB (E.D. Mo. Feb. 24, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1661-DDN (Oct. 15, 1997); *Afiz v. Federal Bureau of Prisons*, No. 4:97-cv-1681-CEJ (Oct. 15, 1997); *see also Afiz v. Petri*, 2:09-cv-4005-NKL (W.D. Mo. Jul. 31, 2009) (listing cases dismissed under 28 U.S.C. § 1915(e)). Thus, Plaintiff may proceed *in forma pauperis* only if his allegations indicate that he was under imminent danger of serious physical injury at the time he filed the pleading. *See* 28 U.S.C. § 1915(g).

(quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)); *see also Kohl v. Casson*, 5 F.3d 1141, 1149 (8th Cir. 1993) (dismissing plaintiff's excessive bail claims because "there can be no causal connection between any action on the part of the defendants and any alleged deprivation" of plaintiff's rights).

Thus, in order to state a claim for § 1983 liability, a plaintiff must allege facts connecting the named defendants to the challenged action. *See Bitzan v. Bartruff*, 916 F.3d 716, 717 (8th Cir. 2019). In this case, Plaintiff asserts that Defendants were deliberately indifferent to his serious medical needs. But he fails to indicate that Defendants knew he suffered from an objectively serious medical need and disregarded that need. *See Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019); *see also Hamner v. Burls*, 937 F.3d 1171, 1177 (8th Cir. 2019). In fact, Plaintiff alleges only a disagreement with the treatment provided to him by the medical professionals at South Central Correctional Center. "A prisoner's mere difference of opinion over matters of expert medical judgment or a course of medical treatment fails to rise to the level of a constitutional violation." *Meuir v. Greene Cty. Jail Emps*., 487 F.3d 1115, 1118-19 (8th Cir. 2007); *see also Cejvanovic v. Ludwick,* 923 F.3d 503, 507 (8th Cir. 2019) (a "mere disagreement with treatment decisions . . . does not rise to the level of a constitutional violation") (quoting *Jolly v. Knudsen*, 205 F.3d 1094, 1096 (8th Cir. 2000)).

Plaintiff may file an amended complaint clearly setting forth his claims and supporting allegations. Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect.") (citing *In re Atlas Van Lines, Inc.*, 209 F.3d 1064, 1067 (8th Cir. 2000)). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. He must also specify the capacity in which he intends to sue a defendant.

2

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name.  In separate, numbered paragraphs under that name, he should set forth a short and plain statement of the facts that support his claim or claims against that defendant.  *See* Fed. R. Civ. P. 8(a).  Each averment must be simple, concise, and direct.  *See id.*  Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances."  Fed. R. Civ. P. 10(b).  If Plaintiff names a single defendant, he may set forth as many claims as he has against that defendant.  *See* Fed. R. Civ. P. 18(a).  If he names more than one defendant, he should include only claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other.  *See* Fed. R. Civ. P. 20(a)(2).

Plaintiff should allege facts explaining how the named defendant was personally involved in or directly responsible for harming him.  *See Madewell,* 909 F.2d at 1208.  Plaintiff must explain the role of each defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do.  *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").  The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action[.]"  *Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes to certain parts.  Instead, Plaintiff must file a single comprehensive pleading that sets forth his claims for relief.  *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (leave to amend a complaint may be denied when a proposed amended complaint is not submitted with the motion).  The amended complaint is subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk is directed to mail to Plaintiff (1) a copy of the Court's prisoner civil rights complaint form and (2) a copy of the application to proceed in district court without prepaying fees or costs.

**IT IS FURTHER ORDERED** that Plaintiff must either pay the $402 filing fee or submit the application to proceed in district court without prepaying fees or costs within twenty-one (21) days of the date of this Order.

**IT IS FURTHER ORDERED** that Plaintiff must file an amended complaint on the Court-provided form within twenty-one (21) days of the date of this Order.

**IT IS FINALLY ORDERED** that if Plaintiff fails to comply with this Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 6th day of February, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE